UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    NO. 4:10-CR-20725

v.

    HON. MARK A. GOLDSMITH

MARTRACO TYLEE BROWN,    United States District Judge

    Defendant.
_____/

**ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION TO DETERMINE DEFENDANT'S COMPETENCY TO STAND TRIAL**

On December 1, 2010, defendant MARTRACO TYLEE BROWN was indicted on a charge of being a felon in possession of a firearm, contrary to 18 U.S.C. § 922(g)(1). He was arrested on this charge on December 10, 2010, and has been detained since that date. On March 3, 2011, defendant, through counsel, moved for an order that he be examined by a psychologist or psychiatrist in order to determine his competency to be tried on that charge. At a status conference on March 8, 2011, the government stated it had no objection to the motion. Based on the unopposed motion, and for the reasons stated therein, the Court finds that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial.

Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, the Court hereby orders:

1. That a licensed or certified psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of defendant, *see id.* §§ 4241(a),(b), 4247(b);

2. That defendant remain committed to the custody of the Attorney General for such psychiatric or psychological examination for a reasonable time, not to exceed 30 days, at a suitable facility that is located closest to the Court for the Eastern District of Michigan; *see id.* § 4247(b);

3. That the United States Marshal's Service shall promptly and expeditiously transport defendant to a suitable facility, to be determined by the Attorney General, and that the United States Marshal's Service must do so as quickly and reasonably as possible so as to minimize the period during which defendant must travel to, be confined in, and be returned from the facility where such examination will be conducted;

4. That the examining psychiatrist or psychologist shall prepare and submit, as soon as practical, a written report to the Court, with copies provided to counsel for defendant and the government, that includes (a) defendant's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that

were employed and their results; (c) the examiner's findings; and (d) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

5.   That the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government so that a hearing may be conducted pursuant to 18 U.S.C. § 4247(d) to determine defendant's competency to stand trial; and

6.   That the period beginning with defendant's motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of thirty (30) days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

7.   The above-entitled case has been set for Status Conference on Friday, April 15, 2011 @ 1:30 p.m., in the courtroom of Hon Mark A. Goldsmith, 600 Church

Street, Flint, MI.

Dated: March 9, 2011  s/Mark A. Goldsmith
    Flint, Michigan  MARK A. GOLDSMITH
        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 9, 2011.

    s/Deborah J. Goltz
    DEBORAH J. GOLTZ
    Case Manager